## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DE'ANGELO M. HIGGS, #439322, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01373-JPG |
| | ) | |
| LELAND CHERRY, | ) | |
| and JOHN DOE 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff De'Angelo Higgs, an inmate at St. Clair County Jail in Belleville, Illinois, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). There, Plaintiff claims that the defendants used excessive force against him during his arrest in East St. Louis, Illinois, on October 18, 2020. (*Id*. at 8-13). As a result, he sustained serious injuries. (*Id*.). He now seeks monetary relief. (*Id*.).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 8-15): On or around October 18, 2020, Officer Leland Cherry struck Plaintiff with his police cruiser while attempting to stop and arrest him in East St. Louis, Illinois. (*Id*. at 8). At the time, Plaintiff was

attempting to flee from the officer.  Once he was hit by the squad car, Plaintiff did not resist arrest.
He rolled onto his stomach and placed his hands behind his back while waiting to be handcuffed.

Officer Cherry nevertheless placed Plaintiff in a chokehold and punched him in the face
approximately fifty times while telling him to "stop resisting" arrest.  (*Id.*).  At the same time,
Officer John Doe 1[1] (East St. Louis Housing Authority officer) punched Plaintiff twice in the back
of the head and also kicked him.  Officers John Doe 2, 3, and 4[2] (St. Louis police officers) each
shot Plaintiff with their taser guns, causing the prongs to become embedded in Plaintiff's lower
back, left buttocks, and left hind leg.  As the three tasers shocked Plaintiff simultaneously, Officer
Cherry continued to choke him.  The officer did not release Plaintiff from the chokehold until he
screamed, "They're trying to kill me!  I can't breath[e]!"  (*Id.* at 9).  Only then was Plaintiff
released and taken to a nearby police cruiser for medical treatment.

After he was transported to East St. Louis Police Department, Plaintiff waited an hour for
an ambulance to arrive.  When it did, medics removed the remaining taser prongs from his body.
Plaintiff was then placed in a holding cell for another five or six hours before he was taken to St.
Louis University Hospital for medical care.  Testing revealed a severe concussion, broken nose,
fractured eye socket, and two contusions to the back of his skull.

Plaintiff returned to East St. Louis Police Department and remained there for another four
days.  He was then transferred to St. Clair County Jail and placed in a holding cell for another
week before facial swelling diminished enough for him to open his eyes.  (*Id.*).

---

[1] Plaintiff also refers to this defendant as "Defendant #2."
[2] Plaintiff also refers to these defendants as "Defendant #3," "Defendant #4," and "Defendant #5."

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in the *pro se* action:

**Count 1:**    Fourth Amendment claim against Defendants for using unreasonable force against Plaintiff incident to his arrest on October 18, 2020.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

Court 1 survives preliminary review against all of the defendants under the Fourth Amendment, which safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures. *See Torres v. Madrid*, -- U.S. --, 141 S.Ct. 989 (2021) (application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not subdue the person). The allegations suggest that the officers used excessive force against Plaintiff when arresting him on October 18, 2020. Accordingly, Count 1 shall receive further review against Leland Cherry, John Doe 1 (East St. Louis Housing Authority officer), and John Doe 2, 3, and 4 (St. Louis police officers).

To the extent Plaintiff seeks to bring claims for inadequate medical care following his arrest, the allegations fall short of stating any claim for relief against a named defendant. Plaintiff describes the medical care he was denied after being taken into custody at the East St. Louis Police Department and St. Clair County Jail. However, he asserts no claim for the denial of medical care against any particular individual, including a named defendant. Moreover, these claims likely

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

belong in one or more separate suits because they presumably involve different defendants and different events.  If Plaintiff would like to pursue claims for the denial of medical care against officers at East St. Louis Police Department or St. Clair County Jail, he may file one or more separate suits against these officers using the civil rights complaint forms provided by the Clerk's Office.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against the four unknown officers, John Does 1-4.  However, these defendants must be identified with particularity before service of the Complaint can be made on them.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants.  *Rodriguez*, 577 F.3d at 832.  Officer Leland Cherry shall be responsible for responding to discovery aimed at identifying the unknown defendants.  Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Complaint.

### Request for Counsel

Plaintiff seeks representation by court-recruited counsel, and his request is **DENIED without prejudice**.  This Court will only recruit counsel on behalf of an indigent plaintiff, after he has made reasonable efforts to find an attorney on his own and is unable to litigate the matter without assistance. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel).  Plaintiff has provided no information regarding his efforts to find counsel, and he has offered no indication that he is unable to represent himself going forward.  Before renewing his request for counsel, Plaintiff should contact at least three attorneys and law firms (by phone, letter, email, or otherwise) and ask for representation in this matter.  He should save copies of all written communications sent to and received from the

attorneys and law firms.  If he is unable to find an attorney on his own, Plaintiff may file a motion for recruitment of counsel to request the Court's assistance in recruiting counsel on his behalf. Along with the motion, he should provide copies of the written communications with counsel or include a list of the attorneys and law firms he contacted, the dates of each contact, and the responses he received.  The Clerk's Office shall be directed to provide Plaintiff with this Court's form motion for recruitment of counsel.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening as follows: **COUNT 1** will receive further review against **LELAND CHERRY** and **JOHN DOE 1, 2, 3,** and **4**, in their individual capacities.

Defendant **CHERRY** shall be responsible for responding to discovery aimed at identifying the unknown officers by name.

Plaintiff's request for court-recruited counsel in the Complaint is **DENIED without prejudice**.  The Clerk's Office is **DIRECTED** to **SEND** Plaintiff two (2) blank civil rights complaint forms and one (1) motion for recruitment of counsel.

The Clerk of Court shall prepare for **LELAND CHERRY** and, once identified, **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** and **JOHN DOE 4**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JOHN DOE 1, 2, 3,** and **4** until Plaintiff has identified these individuals by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/1/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.